UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-6029-RSR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEVON WALKER,

        Defendant.
_____/

## ORDER

Defendant Devon Walker is charged by way of complaint with threatening to assault an employee of the United States with the intent to impede, intimidate, and interfere with such employee while that employee was engaged in the performance of official duties. *See* D.E. 1. Defendant appeared before the Court for his initial appearance in this case on Thursday, January 27, 2011. At that time, the Court advised Defendant of the charges pending against him, his right to remain silent, and his right to representation by an attorney, as well as of other matters.

During the hearing, Defendant engaged in unusual behavior. When his case was called, he grinned broadly and waved to others in the courtroom. He remained grinning in this matter throughout his appearance. In response to questions to determine whether Defendant would qualify for the appointment of counsel, Defendant also gave unusual answers. For example, although Defendant indicated that he made a total of approximately $300 to $500 each month refereeing soccer games and that he had a total of approximately $45.00 in the bank and $1.50 in cash, Defendant repeatedly stated that he would be receiving real property and much more money soon.

When the Court inquired into the source of such funds, Defendant explained simply, "The Lord." Although the Court does not in any way criticize Defendant's religious faith, his appreciation for precisely where his impending good financial fortune might come from did not seem grounded in reality.

Moreover, the circumstances of the crime with which Defendant is charged further suggest that an issue regarding Defendant's competency may well exist. The Complaint in this matter charges that on January 13, 2011, Defendant entered the Citizen and Immigration Services ("CIS") office to inquire about his green card. During this visit, Defendant advised the CIS employee that he was a prophet from God. Defendant further told the CIS employee that he wanted to speak with the head of Immigration because he had a message from God to give that person. When the CIS employee informed Defendant that everyone had left for the day, Defendant left.

Five days later, on January 11, 2011, the Complaint continues, Defendant returned to CIS without and appointment. The same CIS employee assisted him. Once again, Defendant explained that he wanted to speak with the head of Immigration. When the employee advised Defendant that the head of Immigration was in a meeting, Defendant asked the employee whether she had told the head of Immigration that Defendant wanted to speak with that person. The employee replied that she had not, to which Defendant responded, "If you don't tell her, something serious is going to happen to you, just like what happened to the Congresswoman in Arizona." As Defendant allegedly made this statement, he indicated a pistol gesture with his hand, raised it to his head, and made a shooting motion. Defendant was subsequently arrested.

During Defendant's initial appearance, the Court provided Defendant with an opportunity to confer with his appointed counsel. Following this conference, counsel for Defendant expressed

-2-

his concern that Defendant may not be competent to stand trial and requested a competency evaluation. Based on the offense conduct alleged, as well as Defendant's courtroom behavior, the Government joined in Defendant's motion for the Court to order a competency evaluation.

Title 18, United States Code, Section 4241(a) provides, in relevant part, that upon the Government's motion for a hearing to determine the mental competency of a defendant, the court shall grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." In order to assist the Court in making this determination, the Court has the authority to order that a psychiatric or psychological examination be performed and that a report of the findings of such an examination be filed with the Court before the hearing. 18 U.S.C. § 4241(b).

Title 18, United States Code, Section 4247(b), in turn, governs psychiatric and psychological evaluations. This statute provides, in relevant part, "A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court . . . ." Section 4247(c) sets forth the required contents of a report of such an examination:

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and –

        (A)    . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Based on Defendant's unusual courtroom conduct and the circumstances surrounding the alleged offense in this matter, as well as upon counsel for Defendant's expressed concern developed after speaking with Defendant and observing Defendant's courtroom behavior, the Court finds reasonable cause to believe that Defendant may be suffering from a mental disease or defect that may render him incompetent to stand trial.

For these reasons, it is hereby **ORDERED AND ADJUDGED** that the Motion to Determine Competency to Stand Trial is **GRANTED**. Within thirty days, the United States Attorney's Office shall have Defendant evaluated by a qualified psychiatrist or psychologist to determine his competency to understand the proceedings in this Court, pursuant to 18 U.S.C. §§ 4241 and 4247(b). The cost for this evaluation shall be borne by the Department of Justice. *See Guide to Judicial Policy & Procedure, vol. VII, chap. III, Part B, § 3.11(B) & Summary Chart* (Administrative Office of the United States Courts). The report shall conform to the requirements of 18 U.S.C. § 4247(c), which requires the report to include the following information:

    (1)    the person's history and present symptoms;

    (2)    a description of the psychiatric, psychological, and medical tests that were employed and their results;

    (3)    the examiner's findings; and

    (4)    the examiner's opinions as to diagnosis, prognosis, and –

        (A)    . . . whether the person is suffering from a

> mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A copy of the Report shall be furnished to counsel for the Government and counsel for Defendant within thirty days from the date of this Order. Once the report is received, Defendant shall file a copy of the report with the Court under seal.

It is further **ORDERED AND ADJUDGED** that this matter is set for a status conference on **February 28, 2011, at 11:00 a.m.** before me, in Room 310-B, United States Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301. The presence of Defendant is required. It is further **ORDERED** that the period of delay resulting from the examination of Defendant and any subsequent judicial proceedings to determine Defendant's competency shall be excluded from the computation of deadlines under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A).

**DONE AND ORDERED** this 28th day of January 2011.

/s/ Robin S. Rosenbaum
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record