UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-6029-RSR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEVON WALKER,

        Defendant.
_____/

**ORDER**

Defendant Devon Walker is charged by way of complaint with threatening to assault an employee of the United States with the intent to impede, intimidate, and interfere with such employee while that employee was engaged in the performance of official duties. *See* D.E. 1. Defendant appeared before the Court for his initial appearance in this case on Thursday, January 27, 2011. At that time, the Court advised Defendant of the charges pending against him, his right to remain silent, and his right to representation by an attorney, as well as of other matters.

During the hearing, Defendant engaged in unusual behavior. When his case was called, he grinned broadly and waved to others in the courtroom. He remained grinning in this matter throughout his appearance. In response to questions to determine whether Defendant would qualify for the appointment of counsel, Defendant also gave unusual answers. For example, although Defendant indicated that he made a total of approximately $300 to $500 each month refereeing soccer games and that he had a total of approximately $45.00 in the bank and $1.50 in cash, Defendant repeatedly stated that he would be receiving real property and much more money soon.

When the Court inquired into the source of such funds, Defendant explained simply, "The Lord." Although the Court does not in any way criticize Defendant's religious faith, his appreciation for precisely where his impending good financial fortune might come from did not seem grounded in reality.

Moreover, the circumstances of the crime with which Defendant is charged further suggest that an issue regarding Defendant's competency may well exist. The Complaint in this matter charges that on January 13, 2011, Defendant entered the Citizen and Immigration Services ("CIS") office to inquire about his green card. During this visit, Defendant advised the CIS employee that he was a prophet from God. Defendant further told the CIS employee that he wanted to speak with the head of Immigration because he had a message from God to give that person. When the CIS employee informed Defendant that everyone had left for the day, Defendant left.

Five days later, on January 11, 2011, the Complaint continues, Defendant returned to CIS without an appointment. The same CIS employee assisted him. Once again, Defendant explained that he wanted to speak with the head of Immigration. When the employee advised Defendant that the head of Immigration was in a meeting, Defendant asked the employee whether she had told the head of Immigration that Defendant wanted to speak with that person. The employee replied that she had not, to which Defendant responded, "If you don't tell her, something serious is going to happen to you, just like what happened to the Congresswoman in Arizona." As Defendant allegedly made this statement, he indicated a pistol gesture with his hand, raised it to his head, and made a shooting motion. Defendant was subsequently arrested.

During Defendant's initial appearance, the Court provided Defendant with an opportunity to confer with his appointed counsel. Following this conference, counsel for Defendant expressed

his concern that Defendant may not be competent to stand trial and requested a competency evaluation. Based on the offense conduct alleged, as well as Defendant's courtroom behavior, the Government joined in Defendant's motion for the Court to order a competency evaluation. For the reasons noted in the Court's January 28, 2011, Order, the Court found reasonable cause to believe that Defendant may be suffering from a mental disease or defect that may render him incompetent to stand trial. Accordingly, the Court granted the parties' Motion to Determine Competency to Stand Trial.

Pursuant to that Order, the Court directed that within thirty days, the United States Attorney's Office was to have Defendant evaluated by a qualified psychiatrist or psychologist to determine his competency to understand the proceedings in this Court, pursuant to 18 U.S.C. §§ 4241 and 4247(b). The report was to conform to the requirements of 18 U.S.C. § 4247(c), which requires the report to include the following information:

    (1)    the person's history and present symptoms;

    (2)    a description of the psychiatric, psychological, and medical tests that were employed and their results;

    (3)    the examiner's findings; and

    (4)    the examiner's opinions as to diagnosis, prognosis, and –

            (A)    . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A copy of the Report was to be furnished to counsel for the Government and counsel for Defendant within thirty days from the date of the January 28, 2011, Order. Once the report was received,

Defendant was to file a copy of the report with the Court under seal. In addition, the Order set this matter for a status conference on February 28, 2011.

Upon advice from the examining doctor, however, the Court learned that the examination would not be completed by February 28, 2011. On April 8, 2011, Rodolfo A. Buigas, Ph.D., a forensic exam coordinator for the Federal Bureau of Prisons Federal Detention Center in Miami, Florida, prepared a report regarding his examination and evaluation of Defendant. In that report, Dr. Buigas described the tests and other evaluative processes he used to determine whether Defendant is competent at this time to stand trial, as well as Defendant's responses to those processes and his behavior at the Federal Detention Center. Dr. Buigas opined that although Defendant "did appear to have a degree of basic legal understanding," Defendant "does not maintain an appreciation of the possible penalties associated with a finding of guilty." Report at 9. In addition, Dr. Buigas continued, Defendant's "factual knowledge, including an understanding of his charge and of courtroom procedure, is questionable. His rational understanding and appreciation of the proceedings against him appear[] to be adversely impacted by symptoms of an active mental illness." *Id.* Thus, Dr. Buigas found, Defendant "is not able to assist towards his own defense. . . . He is not capable of discussing his charges in a rational manner, will misperceive facts due to a delusional belief system, and is even unlikely to remain focus[ed] on relevant legal conversations." *Id.* Based on these circumstances, Dr. Buigas concluded that Defendant "is currently suffering from a mental disease or defect that would interfere with his trial competency." *Id.* Indeed, Dr. Buigas suggested that Defendant "may benefit from psychiatric medications." *Id.* at 8. Nevertheless, Dr. Buigas expressed his opinion that Defendant "would benefit from continued psychiatric medications . . . ." *Id.* at 7.

After the Court and the parties received Dr. Buigas's report, the Court held a hearing on February April 13, 2011, to determine, pursuant to 18 U.S.C. § 4241(d), whether Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Neither Defendant nor the Government contested Dr. Buigas's opinion, but Defendant insisted on making a statement to the Court. Although the Court reminded Defendant of his right not to speak and warned Defendant of the dangers of speaking regarding his case, Defendant elected to do so, anyway. Because Defendant's comments did not focus on the issue of competency to proceed to trial, the Court advised Defendant that at the hearing, it was considering only whether Defendant understood the charges against him and whether Defendant could assist in his defense. Thus, the Court explained, should Defendant wish to be heard on that issue, he should focus his comments on those considerations. Although Defendant continued to make his statement, he did not really address the issues before the Court, instead proclaiming his innocence. Having reviewed Dr. Buigas's report, considered the positions of the Government and Defendant, and observed and interacted with Defendant in Court, this Court finds by a preponderance of the evidence that Defendant is currently mentally incompetent as defined in Section 4241(d).

Consequently, Section 4241 requires the Court to commit Defendant to the custody of the Attorney General, who shall hospitalize Defendant for treatment in accordance with the requirements of Section 4241(d). *See United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990). Under Section 4241(d), the Attorney General shall arrange for the hospitalization of Defendant

>for treatment in a suitable facility –
>
>(1) for such a reasonable period of time, not to exceed four

     months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

 (2) for an additional reasonable period of time until –

   (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

   (B) the pending charges against him are disposed of according to law; whichever is earlier.

 . . .

18 U.S.C. §4241(d).

 Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant is committed to the custody of the Attorney General, who shall hospitalize Defendant for a reasonable period of time, not to exceed four months, as is necessary to determine whether a substantial probability exists that in the foreseeable future, Defendant will attain the capacity to permit the proceedings to go forward.

 It is further **ORDERED and ADJUDGED** that the Attorney General shall arrange for the preparation of a report regarding (1) whether a substantial probability exists that in the foreseeable future, Defendant will attain the capacity to permit the proceedings to go forward, and (2) if so, an approximation of the anticipated period required to enable Defendant to attain the capacity to permit the proceedings to go forward.

 It is further **ORDERED and ADJUDGED** that this report shall be filed with the Court by no later than **August 4, 2011**.

 It is further **ORDERED and ADJUDGED** that the period of delay resulting from the

hospitalization of Defendant for the purposes described above and any subsequent judicial proceedings to determine Defendant's competency shall be excluded from the computation of deadlines under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A).

**DONE AND ORDERED** this 14th day of April 2011.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record